# Exhibit A

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731



CT CORPORATION SYSTEM
306 W MAIN ST.
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 16-CI-001691

Envelope Number: 157161

Package Retrieval Number: 157161989864@00000775859

Service by: Certified Mail

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Page 1 of 1                          Generated: 4/12/2016 12:35:22 PM

Package : 000001 of 000015

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **16-CI-001691**<br>Court:  **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* BROWN, SHAMAR   VS. DAWN FOOD PRODUCTS, INC., *Defendant*

TO: CT CORPORATION SYSTEM
306 W MAIN ST.
FRANKFORT, KY 40601

The Commonwealth of Kentucky to Defendant:
**DAWN FOOD PRODUCTS, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: 04/12/2016

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: 157161989864@00000775859
CIRCUIT: 16-CI-001691 Certified Mail
BROWN, SHAMAR   VS. DAWN FOOD PRODUCTS, INC.



Page 1 of 1

**eFiled**

Package : 000002 of 000015

NO:_____                                    JEFFERSON COUNTY CIRCUIT COURT
                                                        DIVISION_____
                                             JUDGE _____

                        (electronically filed)

**Shamar Brown**                                                           **PLAINTIFF**
1418 Thornberry Ave
LOUISVILLE, KY 40215

v.                      **VERIFIED COMPLAINT**

Dawn Food Products, Inc.                                                   **DEFENDANT**
3333 Sargent Road
Jackson, MI 49201

    Serve:    CT Corporation System
                306 W Main St.
                Frankfort, KY 40601

************

Comes now the Plaintiff, Shamar Brown, by counsel, and for his Complaint against Defendant Dawn Food Products, Incorporated, states and represents as follows:

### I. JURISDICTION AND VENUE

1. At all times relevant to this lawsuit, the Plaintiff, Shamar Brown, was an adult resident of Jefferson County, Kentucky. The Plaintiff's residence is located at 1418 Thornberry Avenue, Louisville, Kentucky 40215;

2. That a defendant in this action is Dawn Food Products, Incorporated (Defendant Dawn), a foreign corporation with a principle place of business at 3333 Sargent Road, Jackson, Michigan 49201. According to the Secretary of State's website, they can be served through CT Corporation System at 306 West Main Street, Frankfort, Kentucky 40601.

The actions that gave rise to this complaint occurred at Defendant Dawn's Louisville facility located at 6303 Kenjoy Drive, Louisville, Kentucky 40214;

3. That Plaintiff's claims arise under the Kentucky Civil Rights Act, Kentucky Revised Statues Chapter 344 (hereinafter, "KRS 344") KRS § 207, various torts recognized in the Commonwealth of Kentucky, and relate to his employment by the Defendant Dawn;

4. That all actions of which the Plaintiff complains herein occurred in Louisville, Jefferson County, Kentucky;

5. That Plaintiff's damages exceed the $5,000.00 minimum jurisdictional threshold for this Court; therefore, jurisdiction is proper;

6. Venue properly lies in this Honorable Court;

## II. FACTS

7. The Plaintiff incorporates all preceding paragraphs as if fully set forth herein;

8. That Plaintiff is an African American male who was employed by Defendant Dawn in the city of Louisville, Kentucky from December 2007 until on or around May 15, 2015 as a second shift machine operator earning around $21.39 per hour in full time union employment. Plaintiff's efficiency was near or over 100%. Plaintiff was a member of UFCW, Local 227. Plaintiff was wrongfully discharged after engaging in protected activity by speaking out about his need to leave work early due to migraine headaches & after he made several reports of racial items being left at his work station depicting Ku Klux Klan hate speech;

9. That in August 2014, Plaintiff applied for & was granted intermittent Family Medical Leave Act (FMLA) leave for his well known & documented migraine headaches. Said FMLA leave allowed Plaintiff to leave work early from time to time if he had a flare up.

Filed            16-CI-001691   04/12/2016         David L. Nicholson, Jefferson Circuit Clerk

Plaintiff filled out paperwork for FMLA and was approved from August 11, 2014 and the FMLA expired on February 11, 2015 when said FMLA leave expired. Although Plaintiff's FMLA approval had expired in February, 2015, Plaintiff was wrongfully terminated on May 15, 2015 for alleged FMLA abuse. Defendant Dawn had a private detective follow Plaintiff around to stalk him and harass him although Plaintiff was not on FMLA;

10. That Defendant Dawn, through their agents, such as Bill Clemens, Kelly Reesor, & Monica Johnson, concocted a story that Plaintiff was lying when he left work due to migraines by saying that he had told Defendant Dawn's human resources that he was leaving to go to see a chiropractor. This is a lie. Plaintiff never used FMLA to see a chiropractor nor did he ever turn in any documentation during the relevant time period that he was seeing a chiropractor or tell anyone that he was leaving work to see a chiropractor;

11. That throughout March 2015 and April 2015, Defendant Dawn, through their agents, began a pretextual course to harass Plaintiff due to his race. On several occasions, Plaintiff came to work to find a cardboard box sitting on his desk. When Plaintiff turned the box around, he saw that the box had "eyes" cut out and the letters "KKK" written on it. KKK stands for Ku Klux Klan, a known race hate group. Plaintiff reported this to Monica Johnson in Human Resources. Within weeks, Plaintiff again went to his workstation to find another cone shaped box on his desk. Plaintiff again turned the cone shaped box around only to find that it too had "eyes" cut out and the letters KKK on it. Plaintiff made a second report to Ms. Johnson, but Plaintiff never heard anything else

Package : 000005 of 000015

Filed            16-CI-001691   04/12/2016         David L. Nicholson, Jefferson Circuit Clerk

about the matter. No investigation was ever done into who was displaying this blatant racism, although there were witnesses such as Andrew Laury and Dave Nelson;

12. That upon information & belief, African Americans are not promoted at Defendant Dawn, are given unfavorable shifts, & treated with disrespect in the workplace due to their race. Plaintiff was qualified for promotions but was never given the opportunity to be promoted. Plaintiff tried to get on first shift, but was denied the opportunity, although he was an 8 year veteran employee;

13. That due, in part, to Plaintiff making complaints about racism, he was targeted due to his migraines. Defendant Dawn, though their agents, such as Bill Clemens, sought a way to terminate Plaintiff. Defendant Dawn then used said phony chiropractor story to lay the groundwork to unlawful termination;

14. That Defendant Dawn, through their agents, instructed their agents to create a fake Facebook account titled "Soda Pop Marr" which unlawfully depicted Plaintiff as a violent person. This fake Facebook account started making false & malicious comments, as purportedly told from Plaintiff's point of view, about leaving work to go to a chiropractor. This was totally false, known to be false by Defendant Dawn, ratified by Defendant Dawn, & used, in part, to unlawfully terminate Plaintiff;

15. That Subsequent to Plaintiff engaging in protected activity by reporting the KKK boxes & asking for reasonable accommodations to leave work due to migraines, Plaintiff was targeted because of his disability due to migraines. On or around May 11, 2015, after Plaintiff left Defendant Dawn, a private detective who works for Dawn followed him. While Plaintiff was traveling down New Cut Road, he noticed a car following him. Plaintiff stopped in a Rally's parking lot and the car drove past, but turned into a Burger

King parking lot and then drove back to Rally's. Plaintiff stayed in his car and pulled up to the Dawn private detective. Plaintiff then confronted the private detective by asking him "are you following me?" and the private detective said, "are you Jamar? I'm looking to re-possess his car." Plaintiff then stated "come on man, I seen you following me from my job." The private detective admitted that he was a private detective and then asked if he could take a picture of Plaintiff's license plate. Plaintiff then noticed that this private detective's own license plate was that of Dawn company executives. It is unlawful to stalk a person in Kentucky under KRS § 508.140. Plaintiff was in fear from this encounter;

16. That an agent of Defendant Dawn began posting on Facebook under the name "Soda Pop Marr" about the private detective following Plaintiff & showed Plaintiff in a false light. Defendant Dawn used this, with actual knowledge of its falsity, to terminate Plaintiff;

17. That on or around May 12, 2015, Plaintiff asked to meet with Nick Watson, Plaintiff's GM, who was not available so Plaintiff met with Bill Clemens, manager, and Kelly Reesor, human resources. Plaintiff asked them why they hired a private detective to follow him and was not given an answer. Instead, Mr. Clemens confronted Plaintiff by accusing him of lying about using FMLA. Mr. Clemens then tried to reach Cleb Shoup, a supervisor, to ask about Plaintiff's FMLA & when he didn't answer, Mr. Clemens demanded to see chiropractor paperwork from Plaintiff. Plaintiff advised he didn't have any because he never went to a chiropractor. Mr. Clemens then took Plaintiff's badge, without any representation from UFCW present, although Plaintiff desired to have a union representative;

Filed         16-CI-001691   04/12/2016         David L. Nicholson, Jefferson Circuit Clerk

18. That Plaintiff then received a letter in the mail stating that Defendant Dawn needed a chiropractor note by May 19, 2015 & to be present for a meeting with Defendant Dawn & their agents;

19. That Plaintiff showed up to said meeting with his UFCW union stewards, Jeff Pleasant and Jamie Arnold. Bill Clemens and Monica Johnson represented Dawn. Mr. Clemens showed Plaintiff the fake Facebook page and Plaintiff advised that it was fake. Mr. Clemens then demanded a chiropractor's note to which Plaintiff advised he could not produce because none existed. Mr. Clemens then drilled Plaintiff by interrogating him about where he went when he left Dawn early. Plaintiff stated that he went home. Mr. Clemens refused to listen and kept accusing Plaintiff of lying. Mr. Clemens then stated that Dawn was letting Plaintiff go. In an effort to save his job, Plaintiff apologized and pleaded with Mr. Clemens to allow him to keep his job. Mr. Clemens refused to accept that and terminated Plaintiff;

20. That at the time Plaintiff was terminated, he was not on FMLA nor was he telling people he was using FMLA;

21. That upon information & belief, African Americans are denied the opportunity for promotions. Upon information & belief, the statistics show that Caucasians are given preferential first shift jobs & promoted over & above qualified African Americans;

22. That Plaintiff tried to be shifted to first shift & was denied. Plaintiff also tried to be promoted & was denied;

### III. DISABILITY DISCRIMINATION

23. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 22 above, as if fully set forth with particularity herein;

Package : 000008 of 000015

Filed         16-CI-001691   04/12/2016         David L. Nicholson, Jefferson Circuit Clerk

Filed 16-CI-001691 04/12/2016 David L. Nicholson, Jefferson Circuit Clerk

24. That the actions by the Defendant Dawn were discriminatory under KRS 344.040, which specifically addresses discrimination on the basis of disability;

25. That Defendant Dawn is an employer under KRS § 344;

26. That Plaintiff placed Defendant Dawn on notice of his migraine headaches, asked for reasonable accommodations in the form of being able to leave work early whenever a migraine flared up;

27. That Plaintiff was permitted to leave work early whenever a migraine occurred. Defendant Dawn used this as a way to make up a story that Plaintiff needed to see a chiropractor, attempted to force Plaintiff to turn in chiropractor paperwork, unlawfully used a detective to stalk Plaintiff to catch him not going to a chiropractor, & then terminated him, in part, due to his migraines;

28. That Plaintiff having shown that he was treated differently, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Dawn;

## IV. RACE DISCRIMINATION- FAILURE TO PROMOTE

29. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 28 above, as if fully set forth with particularity herein;

30. That the actions by the Defendant Dawn were discriminatory under KRS 344.040, which specifically addresses discrimination on the basis of race;

31. That Defendant Dawn has a history of not promoting African Americans;

32. That Plaintiff is an African American, was qualified to be promoted, & was denied the opportunity because of his race;

Package : 000009 of 000015

Filed 16-CI-001691 04/12/2016 David L. Nicholson, Jefferson Circuit Clerk

33. That Caucasians are promoted over African Americans;

34. That Plaintiff was subjected to severe & unwelcome racial harassment when agents of Defendant Dawn placed cardboard boxes of KKK characters on his desk. Once Plaintiff spoke out about it, he was terminated;

35. That Plaintiff having shown that Defendant Dawn failed to promote on the basis of race, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Dawn;

## V. RETALIATION- DISABILITY

36. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 35 above, as if fully set forth with particularity herein;

37. That it is unlawful under KRS § 344.280 to retaliate against any person for using the protections of KRS § 344.040, making a charge or complaint, or engaging in protected activity;

38. That Plaintiff engaged in protected activity when he asked for permission to leave work whenever his migraine headaches flared up;

39. That Plaintiff was granted permission to leave work whenever his migraine headaches flared up;

40. That Plaintiff always notified Defendant Dawn before he left work due to migraine headaches;

41. That upon information & belief, Plaintiff left work early about 8 times a year due to migraines;

42. That Defendant Dawn decided to make up a story that Plaintiff was seeing a chiropractor which is a lie & was used to unlawfully terminate Plaintiff. This story was made up after Plaintiff engaged in protected activity & left work due to a migraine headache;

43. That Defendant Dawn used people to follow & stalk Plaintiff to see if Plaintiff was seeing a chiropractor when they knew that he did not see a chiropractor. The purpose of this was to harass Plaintiff, document that Plaintiff was not seeing a chiropractor, & terminate Plaintiff after accusing Plaintiff of lying about seeing a chiropractor;

44. That Plaintiff was confronted about whether he was seeing a chiropractor, accused of lying, & terminated because of the false chiropractor issue when in fact Defendant Dawn & their agents knew that Plaintiff did not see a chiropractor;

45. That Plaintiff having shown that Defendant Dawn retaliated against him for leaving work due to migraines, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Dawn;

## VI. RETALIATION-RACE

46. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 45 above, as if fully set forth with particularity herein;

47. That it is unlawful under KRS § 344.280 to retaliate against any person for making a charge or complaint of race discrimination under KRS § 344.040;

48. That several times in March 2015, Plaintiff was meet head-on with racial objects on his desk that depicted a known race hate group, the Ku Klux Klan. Plaintiff notified human

resources who did not investigate. Instead, on May 15, 2015, Plaintiff was terminated, in part, due to making charges of racism in the workplace;

49. That Plaintiff also tried to be promoted at Defendant Dawn. Once he made it known he wanted a promotion, Defendant Dawn began looking for reasons to get rid of Plaintiff. This plan succeeded after Defendant Dawn concocted a story about Plaintiff lying about a chiropractor;

50. That Plaintiff having shown that Defendant Dawn retaliated against him for making charges and complaints of racism, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Dawn;

**WHEREFORE**, the Plaintiff, Shamar Brown, prays that this Court:

1. Declare Defendant Dawn's conduct in violation of Plaintiff's rights;
2. Award Plaintiff compensatory damages in such amounts as must be proven at trial for his economic and other losses;
3. Award Plaintiff back pay, front pay, and loss of benefits as must be proven at trial;
4. Make a declaration that Plaintiff should not have been terminated and place Plaintiff back to work;
5. Award Plaintiff punitive damages against the Defendants Dawn for the serious intentional wrongs it committed against him, alleged herein above;
6. Award Plaintiff costs, interest, and attorneys' fees pursuant to KRS 344.450;
7. Award Plaintiff damages for humiliation and embarrassment which must be proven at trial;

Package : 000012 of 000015

Filed 16-CI-001691 04/12/2016 David L. Nicholson, Jefferson Circuit Clerk

8. Grant Plaintiff such further relief as this Court may deem just and proper.

Package : 000013 of 000015

Filed 16-CI-001691 04/12/2016 David L. Nicholson, Jefferson Circuit Clerk

Filed        16-CI-001691   04/12/2016        David L. Nicholson, Jefferson Circuit Clerk

## JURY DEMAND

Plaintiff, Shamar Brown, demands a jury to try all issues triable by jury.

Respectfully Submitted,

s/ Brian Abell
Brian G. Abell
ADAMS HAYWARD & WELSH
4036 Preston Highway
Louisville, KY 40213
(502) 366-6456 Phone
brian.abell@samhaywardlaw.com
*Counsel for Plaintiff*

## VERIFICATION

I, Shamar Brown, hereby certify the above statements to be true and correct, to the best of my ability.

Executed in Jefferson County, Kentucky, this 8 day of April, 2016.

SHAMAR BROWN

COMMONWEALTH OF KENTUCKY )
                          )SCT.
COUNTY OF JEFFERSON       )

Sworn, subscribed to and acknowledged before me, a Notary Public, within and for the Commonwealth of Kentucky at large, by SHAMAR BROWN, this 8 day of April, 2016.

My Commission Expires: _____
Notary ID: _____

EMILY LaGARENNE
NOTARY PUBLIC
Kentucky, State At Large
I.D. # 547097
My Commission Expires 12/14/2019

NOTARY PUBLIC
STATE AT LARGE